**WO** MDR

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR 06-0589-PHX-SMM |
| Plaintiff, | No. CV 06-2872-PHX-SMM (ECV) |
| v. | **ORDER** |
| Juan Dedios Elicea-Ruiz, | |
| Defendant/Movant. | |

Movant Juan Dedios Elicea-Ruiz, who is confined in the Corrections Corporation of America Florence Correctional Center in Florence, Arizona, filed a *pro se* "Motion For Time Reduction by an Inmate in Federal Custody (28 U.S.C. § 2255)." The Court will summarily dismiss the motion.

**I.     Procedural History**

Movant pled guilty to Illegal Re-Entry after Deportation, in violation of 8 U.S.C. § 1326(a), with a sentencing enhancement pursuant to § 1326(b)(2) (Doc.#20). On November 6, 2006, the Court sentenced Movant to a 46-month term of imprisonment followed by 3 years on supervised release (Doc.#24).

Prior to filing his 2255 Motion, Movant filed a Notice of Appeal (Doc. #26). There is an appeal pending in the Ninth Circuit Court of Appeals (Doc. #31).

/ / /

/ / /

## II. Dismissal of 2255 Motion

For reasons of judicial economy, district courts should not consider an application for writ of habeas corpus when the petitioner has a direct appeal pending in the Court of Appeals or the Supreme Court. United States v. Pirro, 104 F.3d 297, 299 (9th Cir. 1997). "'Except under most unusual circumstances . . . no defendant in a federal criminal prosecution is entitled to have a direct appeal and a section 2255 proceeding considered simultaneously in an effort to overturn the conviction and sentence.'" Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir. 1988) (quoting Jack v. United States, 435 F.2d 317, 318 (9th Cir. 1970)). See also Rule 5, Rules Governing Section 2255 Proceedings for the United States District Courts, Advisory Comm. Note (1976) ("[T]he courts have held that [a § 2255 motion] is inappropriate if the movant is simultaneously appealing the decision."). There are no unusual circumstances that would justify an exception to this rule. Accordingly, Movant's 2255 Motion will be dismissed without prejudice.

**IT IS ORDERED** that the "Motion For Time Reduction by an Inmate in Federal Custody (28 U.S.C. § 2255)" (Doc. #29 in CR 06-0589-PHX-SMM) is **dismissed without prejudice** and that the civil action opened in connection with this Motion (CV 06-2872-PHX-SMM (ECV)) is **dismissed without prejudice**. The Clerk of Court must enter a judgment of dismissal of the civil action accordingly.

DATED this 8th day of December, 2006.

_____
Stephen M. McNamee
United States District Judge